# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLIVIA MARIE HESS,**<br>   Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5305** |
| **SOCIAL SECURITY ADMINISTRATION,**<br>   Defendant | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Donna Phillips Currault.[1] On July 18, 2023, Plaintiff Olivia Marie Hess filed a Motion for Summary Judgment.[2] On September 6, 2023, Defendant Kilolo Kijakazi, then Acting Commissioner of the Social Security Administration (the "Commissioner"), filed a response in opposition.[3] On September 20, 2023, Plaintiff replied.[4] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, **DENIES** the motion for summary judgment filed by Plaintiff, and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.[5]

## BACKGROUND

Plaintiff seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the final decision of the Commissioner of the Social Security Administration

---

[1] R. Doc. 24. This Order refers to documents on this Court's CM/ECF docket as "R. Doc. [#]" and refers to the administrative record as "Tr. [#]." The administrative record is located on the CM/ECF docket as Document 13.
[2] R. Doc. 18.
[3] R. Doc. 22.
[4] R. Doc. 23.
[5] R. Doc. 1.

1

(the "Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Act and Supplemental Security Income ("SSI") under Title XVI of the Act.[6]

Plaintiff is a 63-year-old woman with relevant work history as a personal care attendant.[7] On January 5, 2021, she filed applications for DIB and SSI and alleged disability that began on May 30, 2023.[8] Plaintiff alleged she suffered from diabetes; high blood pressure; problems with her vision, neck, back, knee; pain in her hand, wrist, and arm; peripheral neuropathy, post-traumatic stress disorder, and migraine headaches.[9]

The agency denied Plaintiff's DIB and SSI applications on June 8, 2021,[10] and denied the applications again upon reconsideration on August 17, 2021.[11] Plaintiff submitted her written request for hearing on August 26, 2021,[12] after which Administrative Law Judge ("ALJ") Jeffrey Morgan held a hearing on April 19, 2022.[13] Plaintiff, represented by counsel, testified at the hearing.[14] An impartial vocational expert also testified.[15]

On May 18, 2022, the ALJ denied Plaintiff's applications for benefits.[16] In relevant part, the ALJ found the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity [("RFC")] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except this individual is able to occasionally climb, stoop, kneel, crouch, crawl, and balance when walking on narrow, slippery, or uneven surfaces. . . .[17]

---

[6] R. Doc. 1.
[7] Tr. at 42–44, 256, 263, 302.
[8] *Id.* at 241–50, 251–55, 256–62, 263–69.
[9] *Id.* at 295; *see also id.* at 74, 82, 92, 100.
[10] *Id.* at 90–91, 74–89, 127–35.
[11] *Id.* at 92–107, 108–09, 138–44.
[12] *Id.* at 145, 151.
[13] *See id.* at 35–55.
[14] *Id.* at 35, 38.
[15] *Id.*
[16] *Id.* at 7–21
[17] *Id.* at 15.

> [T]he State agency's medical consultants determined that the claimant could perform a range of light work with postural limitations, such as occasional climbing, stooping, and crawling (EX. D4A; D5A; D8A; D9A). *The State medical consultants' determination is somewhat consistent with the evidence available and supported by their review of the record.* However, the record establishes that the claimant is slightly more limited than initially assessed. On exam, the claimant presented additional evidence of more pronounced degenerative changes in her lumbar region and an unsteady Romberg test. The consultants partially supported their findings by citing to her physical therapy notes, range of motion, and arthritis in her knees. However, due to a combination of diabetic-related symptoms and complaints of difficulty standing, due to knee discomfort, the record supports additional postural limitations. For this reason, the undersigned finds these prior findings to be somewhat persuasive, but *included additional postural limitations including balancing, kneeling, and crawling.*"[18]

Plaintiff sought Appeals Council review, and the Appeals Council denied her request for review on October 13, 2022. That denial rendered the ALJ's decision the final decision of the Commissioner for purposes of this Court's review.[19]

Plaintiff filed her suit in this Court on December 16, 2022,[20] and the Commissioner answered on April 17, 2023.[21] In accordance with the orders of the magistrate judge,[22] Plaintiff filed her motion for summary judgment on July 18, 2023,[23] the Commissioner filed a response in opposition on September 6, 2023,[24] and Plaintiff filed a reply on September 20, 2023.[25] The pleadings were referred to the magistrate judge, who issued her Report and Recommendation on October 20, 2023, recommending that Plaintiff's motion for summary judgment be denied and her complaint be dismissed with

---

[18] *Id.* at 19.
[19] *Id.* at 1–5.
[20] R. Doc. 1.
[21] R. Doc. 12.
[22] R. Doc. 14.
[23] R. Doc. 18.
[24] R. Doc. 22.
[25] R. Doc. 23.

3

prejudice.[26] Plaintiff filed an objection to the Report and Recommendation on November 3, 2023.[27]

## LEGAL STANDARD

In reviewing the magistrate judge's Report and Recommendation, the Court must review *de novo* any of the magistrate judge's conclusions to which a party has specifically objected.[28] The Court needs only to review the portions of the report to which there are no objections to determine whether they are clearly erroneous or contrary to law.[29]

The Court's function on judicial review of the final decision of the Commissioner is limited to determining whether the Commissioner's decision is supported by "substantial evidence" and whether the Commissioner applied the correct legal standard to evaluate the evidence.[30] Substantial evidence is more than "a mere scintilla," but less than a preponderance.[31] This Court may not re-weigh the evidence, try the issues de novo, or substitute its judgment for the Commissioner's.[32] The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[33]

## LAW AND ANALYSIS

In her motion for summary judgment, Plaintiff points to one error: the "ALJ departed from the relevant medical opinions without obtaining [additional] expert medical opinion[s]" to support his determination of Plaintiff's RFC.[34] In her objection to

---

[26] R. Doc. 24.
[27] R. Doc. 25.
[28] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[29] *Id.*
[30] *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).
[31] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).
[32] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).
[33] *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992).
[34] R. Doc. 18-1 at p. 2.

4

the magistrate judge's Report and Recommendation, Plaintiff restates her original argument, challenging the sufficiency of the evidence underlying the ALJ's RFC determination. Plaintiff "contends that, after the ALJ credited her complaints of difficulty standing due to knee pain, he reviewed raw medical data from *later* visits to include additional postural limitations (balancing, kneeling, and crawling) but placed no limitation on standing."[35] She "argues that the additional limitations do not appropriately address the noted additional finding of greater difficulty standing than that expressed by the medical sources," based on the later medical reports.[36] Plaintiff objects that "the ALJ, without the benefit of a medical opinion, added occasional limitations to the RFC for balancing, kneeling, and crouching," to "account for Plaintiff's credible complaints of difficulty standing" while nevertheless "maintain[ing] his finding that Plaintiff can stand up to 6 hours in an 8-hour day."[37]

The Court will review *de novo* whether the ALJ was required to obtain an expert medical opinion before determining Plaintiff's RFC, and whether, in any event, Plaintiff was prejudiced by his failure to do so.

**I.     The ALJ was not required to obtain an additional medical opinion.**

Plaintiff objects to the magistrate judge's affirmation of the ALJ's RFC determination, formed after he considered evidence "indicating to him that she was slightly more limited [than initially thought] due to a combination of diabetic-related symptoms and complaints of difficult standing relating to knee discomfort."[38] As Plaintiff correctly notes, the ALJ, on the basis of this evidence and without soliciting an additional

---

[35] R. Doc. 25 at p. 2 (citing Tr. 19, R. Doc. 24 at pp. 6, 9) (cleaned up) (emphasis added).
[36] *Id.*
[37] *Id.* at p. 3 (citations omitted).
[38] R. Doc. 24 at p. 15.

5

medical opinion, added occasional limitations to the RFC for balancing, kneeling, and crouching.[39]

In *Willis v. Kijakazi*,[40] the Fifth Circuit considered whether an ALJ erred by not developing the record when assessing the plaintiff's RFC—an issue identical to that raised by Plaintiff in this case. Emphasizing the "exceedingly deferential" standard of review of ALJs' decisions,[41] the Fifth Circuit held that when the "only medical opinion speaking to the effect of a claimant's impairments on her ability to work is provided prior to a significant development in the claimant's condition," there is no per se rule requiring an ALJ to develop the medical record—that is, to obtain an additional consultative examination.[42] Rather, the "duty of an ALJ" is simply to "develop the facts fully and fairly relating to an applicant's claim for disability benefits."[43] There are many ways an ALJ can satisfy this duty without obtaining additional medical opinions.[44] Indeed, an additional "consultative examination is required to develop a full and fair record *only* if the record establishes that such an examination is necessary to enable the ALJ to make the disability decision."[45] "[E]ven where the record lacks any medical opinions "describing the types of work that the applicant is still capable of performing," "[t]he absence of such a statement . . . does not, in itself, make the record incomplete."[46] Those "types of medical opinions are just one of several categories of evidence the ALJ considers in making RFC determinations.[47] At bottom, "where no medical statement has been provided, our inquiry

---

[39] R. Doc. 25 at p. 2.
[40] 2023 WL 4015174 (5th Cir. June 14, 2023)
[41] *Willis*, 2023 WL 4015174, at *2 (citing *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012)).
[42] *Id.* at *3.
[43] *Id.* (quoting *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001).
[44] *Id.*
[45] *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021) (cleaned up).
[46] Willis, 2023 WL 4015174, at *3 (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)).
[47] *Id.* (citing 20 C.F.R. § 404.1513).

6

focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record."[48]

These principles govern the outcome in this case. Plaintiff seeks to distinguish *Willis*, but her effort fails. In *Willis*, the court "endorsed the ALJ's imposition of added limitations *beyond* those contained in the medical source opinions" because there was substantial evidence to support those limitations *and* the additional limitations were more favorable to the Plaintiff.[49] In her objection to this Court, Plaintiff argues *Willis* is "inapposite" because in this case, she views the ALJ's additional limitations—balancing, kneeling, and crawling—not as additional limitations to her benefit, but in fact as additional limitations that *worked against* her, as they do not take into account her difficulty standing.[50] What *Willis* and the Fifth Circuit precedent it relies on underscore is that within the "exceedingly deferential" bounds of this Court's review, an ALJ's decision not to obtain additional medical opinions to shape an RFC determination is error only when there is not "substantial evidence in the existing record" to "support[]" that decision.[51] There is no per se rule requiring the ALJ to obtain an additional medical opinion in this situation.

## II. The ALJ's determination of Plaintiff's RFC was supported by substantial evidence.

"[S]ubstantial evidence" is "'such relevant evidence as a reasonable mind might accept to support a conclusion'";[52] it is "'more than a mere scintilla and less than a

---

[48] *Ripley*, 67 F.3d at 557.
[49] R. Doc. 24 at p. 17 (citing *Willis*, 2023 WL 4015174, at *3).
[50] R. Doc. 25 at pp. 2–4.
[51] *Willis*, 2023 WL 4015174, at *3.
[52] *Ripley*, 67 F.3d at 555 (citing *Richardson*, 402 U.S. at 401).

preponderance.'"[53] The Court does "not reweigh the evidence" on review.[54] In fact, the Court cannot reweigh the evidence on review "even if the evidence weighs against the Commissioner's decision."[55] "'[N]o substantial evidence' will be found only where there is a 'conspicuous absence of credible [evidentiary] choices' or 'no contrary medical evidence.'"[56] "'Conflicts in the evidence are for the [ALJ] and not the courts to resolve.'"[57] "If the [ALJ's] findings are supported by substantial evidence, they must be affirmed."[58]

In this appeal, "the inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record."[59] Current Social Security regulations provide that an ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings," and there is no requirement that an RFC finding "mirror or match a medical opinion."[60] Thus, in light of the substantial evidence standard, this Court performs only a highly deferential review of the ALJ's findings within the parameters of case law and regulations.

Plaintiff objects to the findings the ALJ made after considering two contrary sets of evidence: one from two state agency medical consultants ("SAMCs"), and the other from the Plaintiff. The SAMCs, Drs. Paul Wilson and Emily Eisenhauer, after both initial review and reconsideration, opined that Plaintiff could "[s]tand and/or walk (with normal

---

[53] *Id.* (quoting *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993)).
[54] *Id.* (citing *Spellman*, 1 F.3d at 360; *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989)).
[55] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).
[56] *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).
[57] *Jones v. Colvin*, 638 F. App'x 300, 302 (5th Cir. 2016) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir.1990); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.")).
[58] *Newton*, 209 F.3d at 452.
[59] *Ripley*, 67 F.3d at 557.
[60] 20 C.F.R. §404.1520c(a); *see Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018).

8

breaks) for a total of [a]bout 6 hours in an 8 hour workday."[61] This is a restated standard for a full day's standing for light work: the "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time."[62] Based on the later exam, however, the ALJ also found "the claimant is slightly more limited than initially assessed."[63] "On exam, [she] presented additional evidence of more pronounced degenerative changes in her lumbar region and an unsteady Romberg test."[64] Thus, the ALJ, when assessing her RFC, "included additional postural limitations including balancing, kneeling, and crawling."[65]

In this case, "the ALJ expressly noted his consideration of the entire record, which included medical evidence with no significant conflicts as well as [Plaintiff's] testimony," which the ALJ found "not entirely consistent with the medical evidence and other evidence in the record."[66] The ALJ "properly interpreted the medical evidence to determine [Plaintiff's] capacity to work";[67] that evidence included the opinions (and reconsiderations) of two SAMCs, who both opined that Plaintiff could stand for the equivalent of a full day of light work under the regulations. Further, the limitations imposed by the ALJ also draw on the opinions of the SAMCs and evidence presented by the Plaintiff. The SAMCs "determined that the claimant could perform a range of light work with postural limitations, such as occasional climbing, stooping, and [crouching]."[68]

---

[61] Tr. at 79–80, 87–88, 96–97, 104–105.
[62] Social Security Ruling 83-10; *see* 1983 WL 31251, at *6.
[63] Tr. 19.
[64] The Romberg Test assesses, in part, a patient's ability to maintain a steady posture while standing. *See Romberg Test*, National Library of Medicine, https://www.ncbi.nlm.nih.gov/books/NBK563187/ [https://perma.cc/4K7Z-J5AZ] (last visited Mar. 22, 2024).
[65] Tr. at 19.
[66] R. Doc. 24 at p. 7.
[67] *Id.*
[68] Tr. at 19; *see also id.* at 79–80, 87–88, 96–97, 104–105; *see also* R. Doc. 25 at p. 2 n.1.

9

The ALJ credited these opinions, noting the SMACs drew on Plaintiff's "physical therapy notes, range of motion, and arthritis in her knees."[69] The ALJ also wrote that Plaintiff had "knee discomfort."[70] In fact, the ALJ acknowledged and considered Plaintiff's subjective complaints,[71] and he "acknowledge[d] that the record provides some support for [Plaintiff's] allegations in this case," as "the medical record describes longitudinal symptoms of knee and back pain and that are aggravated by activity and postural movements."[72]

From all this, the ALJ determined an RFC with limitations on balancing, kneeling, and crouching, but did not impose a limitation on standing. Ultimately, he "accorded greater credence to the weight of the medical evidence than to Plaintiff's subjective complaints."[73] Plaintiff argues the ALJ "overstep[ed] [his] bounds," characterizing his RFC determination as "impermissible 'playing doctor.'"[74] Yet "it is the ALJ's *duty* to interpret the medical evidence along with other relevant evidence to determine a claimant's capacity for work."[75]

Ultimately, "[i]f the [ALJ's] findings are supported by substantial evidence, they must be affirmed."[76] This principle animates the holding in *Willis*, which rejected the per se rule urged by Plaintiff. In this case, the ALJ "properly assessed the persuasiveness of the medical opinions considering supportability and consistency" before concluding "that Plaintiff failed to establish a disabling limitation given the conservative treatment and

---

[69] *Id.*
[70] *Id.*
[71] *Id.* at 16–19.
[72] *Id.* at 16.
[73] R. Doc. 22 at p. 11.
[74] R Doc. 24 at p. 8.
[75] *Id.* at p. 11. (citing *Jones v. Kijakazi*, 625 F. Supp. 3d 549, 553 (S.D. Miss. 2022) (citing *Taylor*, 706 F.3d at 603)) (emphasis added).
[76] *Newton*, 209 F.3d at 452.

largely intact examination findings in the record."[77] The ALJ's findings are based on more than a "mere scintilla"[78] of evidence, as required to constitute "substantial evidence." By this standard, it is clear to this Court, as it was to the magistrate judge, that the ALJ's RFC finding, including the findings concerning Plaintiff's postural limitations, are supported by substantial evidence.[79]

### III. Plaintiff has not established prejudice.

The Court notes that, even had the ALJ committed an error by not further developing the record through additional medical opinions, Plaintiff has not shown that the error was prejudicial, which is required for remand.[80] To establish prejudice, Plaintiff must show that she "could and would have adduced evidence that might have altered the result."[81] Plaintiff's objection to the Report and Recommendation makes no argument on this point, and she produced no evidence that could and would have altered the result.[82] In her motion for summary judgment, Plaintiff argues that she was prejudiced not because of the additional evidence she would have adduced, but because of the conclusion she is certain that the ALJ would have drawn from an additional medical opinion.[83] This is not sufficient to show prejudice.

### CONCLUSION

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation, finds the magistrate judge's findings

---

[77] R. Doc. 24 at p. 7.
[78] *Richardson*, 402 U.S. at 401; *Hames*, 707 F.2d at 164.
[79] *Newton*, 209 F.3d at 452.
[80] *Keel v Saul*, 986 F.2d 551, 555 n.3 (5th Cir. 2021).
[81] *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984).
[82] *See generally* R. Doc. 25.
[83] R. Doc. 18-1 at pp. 8–9.

11

of fact and conclusions of law are correct and hereby approves the Report and Recommendation and **ADOPTS** it as its opinion in this matter.[84]

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for summary judgment[85] is **DENIED** and her Complaint[86] is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 22nd day of March, 2024.**

                                              **SUSIE MORGAN**
                               **UNITED STATES DISTRICT JUDGE**

---

[84] R. Doc. 24.
[85] R. Doc. 18.
[86] R. Doc. 1.

12